**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KENDRA KATRISE DESHAZER**
**ADC #707085**                                                                                      **PLAINTIFF**

V.                              CASE NO. 4:14CV00132 KGB/BD

**PULASKI COUNTY REGIONAL**
**DET. FACILITY, et. al.**                                                                    **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

    Mail your objections to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

**II.**    **Discussion:**

    A.    Background

Kendra Katrise Deshazer, an Arkansas Department of Correction ("ADC") inmate who was formerly housed at the Pulaski County Regional Detention Facility ("Detention Facility"), filed this lawsuit pro se under 28 U.S.C. § 1983, alleging that Detention Facility employees were deliberately indifferent to her medical needs. (Docket entry #1) She names as Defendants several Detention Facility employees, as well as the Detention Facility itself. Because her original complaint was deficient, the Court ordered Ms. Deshazer to file an amended complaint. (#4) Ms. Deshazer has not complied with the Court's order, and the time for doing so has passed.[1] Ms. Deshazer's Complaint should be DISMISSED, without prejudice, because she does not include facts to support her claims.

---

[1] The Court notes that Ms. Deshazer previously filed a "motion for reconsideration" docketed as a "motion for order." (#5) In the pleading, Ms. Deshazer complains that she has not received an iron transfusion since her arrival at the McPherson Unit of the ADC. Ms. Deshazer, however, does not identify any individual at the McPherson Unit who has caused her to suffer any harm. In any event, those new allegations were not raised in Ms. Deshazer's original complaint and cannot be tacked onto the Complaint in this case.

B.   Detention Facility

In her complaint, Ms. Deshazer improperly names the Pulaski County Regional Detention Facility as a Defendant. A jail or detention facility is not an entity that can be sued under § 1983. *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004) (per curiam). For that reason alone, the Detention Facility should be dismissed.

C.   Deliberate Indifference

In her Complaint, Ms. Deshazer claims that Detention Facility officials failed to provide adequate medical care before her transfer to the ADC. Specifically, she alleges that Dentention Facility officers knew that she had a port in her arm, failed to arrange for her to see a nurse for two hours, and placed her in isolation until she could be transferred to a facility equipped to deal with her medical issues.

Certainly, deliberate indifference to a prisoner's serious medical needs can constitute unnecessary and wanton infliction of pain in violation of the Eighth Amendment. *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To proceed with a claim that prison officials failed to provide adequate medical treatment, however, an inmate must allege facts that, if true, show that she had an objectively serious medical need and that the defendants knew of the need but deliberately disregarded it. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).

A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials "ignored an acute or escalating situation or that [these] delays adversely affected his prognosis." *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995) (quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995), as recognized in *Reece*, 60 F.3d at 492 (internal quotation marks omitted)).

Ms. Deshazer has never explained how the named officers caused her harm.  In neither her Complaint nor her Motion for Order (#5) has she included any allegation that her medical condition required immediate treatment; that she was harmed in any way by the two-hour delay in seeing a nurse; or that her placement in isolation until she was transferred to the ADC for further care caused a worsening of her condition.  She has alleged no facts indicating that her condition was either acute or escalating, or that a delay in treatment caused adverse health consequences.

Ms. Deshazer was given the chance to amend her Complaint to add necessary details, but she has not done so.  And the information that she included in her Motion for Order (#6) does not save her deliberate-indifference claim.  Because her complaint lacks facts to support a deliberate-indifference claim, she cannot proceed on that claim against these Defendants.

D. HIPAA Violation

Ms. Deshazer also claims that a Detention Facility officer disclosed her private medical information to other inmates in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). There is no private right of action for HIPAA violations. See *Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006)(holding that "Congress did not intend for private enforcement of HIPAA," and "[e]very district court that has considered this issue is in agreement that the statute does not support a private right of action"); see also *Bradford v. Blake*, 2006 WL 744307, *3 (E.D. Mo. Mar.23, 2006)(holding that HIPAA created no private right of action enforceable under 42 U.S.C. § 1983) (citing cases). For that reason, Ms. Deshazer's claim based on a HIPAA violation cannot proceed.

### III. Conclusion:

The Court recommends that Ms. Deshazer's claims be DISMISSED, without prejudice. The Court also recommends that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 13th day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE